**E-Filed 8/18/06**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| UTSTARCOM, INC.,<br><br>                Plaintiff,<br><br>     v.<br><br>PASSAVE, INC., et al.,<br><br>                Defendants. | Case Number C 06-03623 JF (PVT)<br><br>ORDER[1] (1) GRANTING PLAINTIFF'S MOTION FOR REMAND AND (2) DENYING PLAINTIFF'S MOTION FOR FEES AND COSTS<br><br>[re: docket no. 9] |

Plaintiff UTStarcom, Inc. ("UTStarcom") moves to remand the instant action to Santa Clara Superior Court and for fees and costs. Defendants Passave, Inc. and Passave Ltd. (collectively, "Passave") oppose the motion. The Court heard oral argument on August 18, 2006. For the reasons set forth below, the motion for remand will be granted and the motion for fees and costs will be denied.

## I. BACKGROUND

On November 17, 2005, UTStarcom, a Delaware corporation with its principal place of business in California, filed a complaint in the Santa Clara Superior Court against Passave, Inc.,

---

[1] This disposition is not designated for publication and may not be cited.

1 | also a Delaware corporation with its principal place of business in California. Amended Notice
2 | of Removal, Ex. A. UTStarcom alleged eight claims against Passave, Inc.: (1) breach of
3 | contract, (2) breach of express warranties, (3) breach of implied warranty of merchantability, (4)
4 | breach of implied warranty of fitness for particular purpose, (5) express contractual
5 | indemnification, (6) implied contractual indemnification, (7) equitable indemnification, and (8)
6 | unfair competition. *Id*. On April 13, 2006, the Santa Clara Superior Court granted Passave,
7 | Inc.'s demurrer to all of UTStarcom's claims on the ground that the Passave Ltd., and not
8 | Passave, Inc., was the proper party to the contract at issue. *Id*. Ex. U. Passave Ltd. is alleged to
9 | be an Israeli corporation and the wholly-owned subsidiary of Passave, Inc. Declaration of
10 | Kimberly A. Fonner in Support of Plaintiff UTStarcom, Inc's Motion for Remand and for Fees
11 | and Costs ("Fonner Decl."), Ex. 1 ¶ 3 (hereinafter "Amended Complaint").

On May 9, 2006, UTStarcom filed the operative complaint against Passave, Inc. and Passave Ltd. in the Santa Clara Superior Court. *Id*. The amended complaint alleges the same eight claims against Passave Ltd. as were alleged in UTStarcom's original complaint against Passave, Inc. *Id*. The amended complaint alleges new claims against Passave, Inc. for: (1) equitable indemnification, (2) negligent misrepresentation, and (3) unfair competition. *Id*. On June 7, 2006, Passave Ltd. removed the instant action to this Court. Passave, Inc. has joined in the removal. The Passave defendants argue that, because Passave, Inc. is a sham defendant and fraudulently joined, the instant action is subject to federal jurisdiction based on diversity of citizenship.

UTStarcom alleges the following. Ariel Maislos ("Maislos") is the president of both Passave Ltd. and Passave, Inc., which "performs marketing, sales and other services on behalf of Passave, Ltd." *Id*. ¶ 12. A substantial portion of UTStarcom's business involves "Fiber-to-the-Home" ("FTTH") products, including Gigabit-ethernet based telecommunications products known as BBS1000. *Id*. ¶¶ 10, 14. In May 2003, UTStarcom contacted Passave[2] about the

---

[2] Throughout the Amended Complaint, with a few exceptions, UTStarcom names "Passave" without indicating whether it is Passave, Inc. or Passave Ltd.

2

Case No. C 06-03623 JF (PVT)
ORDER (1) GRANTING PLAINTIFF'S MOTION FOR REMAND AND (2) DENYING PLAINTIFF'S MOTION FOR FEES AND COSTS
(JFLC1)

1  provision of Gigabit-ethernet chips. *Id*. ¶¶ 15-16. With knowledge of the specifications of
2  UTStarcom's technology, Passave and Maislos represented that its PAS5001 Gigabit-ethernet
3  chip would meet UTStarcom's requirements. *Id*. ¶¶ 20-21. UTStarcom alleges that Maislos was
4  acting in his capacity as president of Passave, Inc. when he also represented that the PAS5001
5  chip would operate with UTStarcom's BCM5695 switching device "flawlessly." *Id*. ¶ 22.
6  Relying on Passave's representations, UTStarcom began purchasing PAS5001 chips from
7  Passave in January 2004. *Id*. ¶ 24. UTStarcom paid more than $10 million for more than
8  100,000 units of the PAS5001 chip. *Id*.

9  UTStarcom incorporated the PAS5001 chip into its FTTH product line. *Id*. ¶ 29. One of
10 UTStarcom's most important customers, Softbank Broadband Japan ("SBB"), purchased the vast
11 majority of the FTTH products that incorporated the PAS5001 chip. *Id*. ¶¶ 31-32. In October
12 2004, SBB notified UTStarcom that there were problems with the FTTH products. *Id*. ¶ 33.
13 UTStarcom concluded that the problem was caused by the failure of the PAS5001 chips to
14 interface with switching devices within the FTTH products. *Id*. ¶ 36. By July 2005, UTStarcom
15 learned that the PAS5001 chips were causing the serious problem of making some FTTH
16 products "freeze." *Id*. ¶ 38. In August 2005, after months of attempting to resolve these
17 problems with partial fixes, SBB demanded that UTStarcom replace the Passave chips. *Id*. ¶ 42.
18 In September 2005, Maislos represented to UTStarcom that Passave would not be able to provide
19 chips that resolved the problems until sometime in mid-2006. *Id*. ¶ 43. UTStarcom alleges costs
20 and expenses resulting from the defective chips in excess of $30 million. *Id*. ¶ 44.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), often referred to as "the removal statute," a defendant may remove an action to federal court if the plaintiff could have filed the action in federal court initially. 28 U.S.C. § 1441(a); *see also Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1393 (9th Cir. 1988). A party may file an action in federal court if there is diversity of citizenship among the parties or if the action raises a substantial federal question. *Ethridge*, 861

3

F.2d at 1393. The party invoking the removal statute bears the burden of establishing federal jurisdiction. *Id.* The removal statute is strictly construed against removal. *Id.* The matter therefore should be remanded if there is any doubt as to the existence of federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1992).

The Court "may disregard a non-diverse party named in the state court complaint and retain federal jurisdiction if the non-diverse party is joined as a sham or if the joinder is fraudulent." *Plute v. Roadway Package System, Inc.*, 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001).[3] Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "There is a strong presumption against a finding of fraudulent joinder, and the removing defendant bears a heavy burden of persuasion to justify such a finding." *Adams v. FedEx Corp.*, 2005 WL 3371067, *3 (N.D. Cal. 2005 Dec. 12, 2005). A party may be considered to have been joined fraudulent if, "'after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.'" *Soo v. United Parcel Service, Inc.*, 73 F. Supp. 2d 1126, 1128 (N.D. Cal.,1999) (quoting *Kalawe v. KFC National Management Co.*, 1991 WL 338566, *2 (D.Hawai'i July 16, 1991)).

### III. DISCUSSION

**1.   Motion for Remand**

Passave argues that each of the three tort claims UTStarcom alleges against Passave, Inc. is barred by the economic loss rule. Additionally, Passave argues that UTStarcom's claims for equitable indemnification and unfair business practice fail to state a claim upon which relief may be granted; it does not make the latter argument as to Ustarcom's claim for negligent

---

[3] "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

4

misrepresentation. Because this Court concludes that it is not obvious under settled law that the economic loss rule bars UTStarcom's claim for negligent misrepresentation, the Court will grant the instant motion for remand.

The economic loss rule "requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal.4th 979, 988 (2004). UTStarcom argues that the economic loss rule does not bar its tort claims against Passave, Inc. because UTStarcom and Passave, Inc. are not in privity of contract. However, as Passave argues, courts have applied the economic loss rule in cases where the parties have not been in privity of contract. *See, e.g.*, *Aas v. Superior Court*, 24 Cal.4th 627 (2000); *Seely v. White Motor Co.*, 63 Cal.2d 9 (1965); *Werwinski v. Ford Motor Co.*, 286 F.3d 661 (3rd Cir. 2002); *Cooper Power Sys. v. Union Carbide Chemicals & Plastics Co.*, 123 F.3d 675, 681 (7th Cir. 1997); *AB Avnet EMG v. Sierra Semiconductor Corp.*, 1993 WL 280504 (N.D. Cal. July 9, 1993).

Passave has not, however, provided any controlling legal authority for the proposition that the economic loss rule bars tort claims when a plaintiff can allege no claims apart from tort claims against a defendant. In all of the cases cited by Passave for the proposition that the economic loss rule may be applied in the absence of privity of contract, the defendants were manufacturers or sellers of goods purchased by the plaintiffs. Thus, the plaintiffs were able to assert claims against the defendants for, among other things, breach of express or implied warranty. *See Aas*, 24 Cal.4th 627; *Seely*, 63 Cal.2d at 18 ("The distinction that the law has drawn between tort recovery for physical injuries and warranty recovery for economic loss is not arbitrary and does not rest on the 'luck' of one plaintiff in having an accident causing physical injury. The distinction rests, rather, on an understanding of the nature of the responsibility a manufacturer must undertake in distributing his products."); *Werwinski*, 286 F.3d at 674 ("[W]e conclude that the district court properly held that the [economic loss] doctrine applies to transactions between manufacturers and ordinary consumers."); *Cooper Power Sys.*, 123 F.3d at

5

1   682 ("Misrepresentations such as these, that ultimately concern the quality of the product sold,
2   are properly remedied through claims for breach of warranty."); *AB Avnet EMG*, 1993 WL
3   280504 at * 2 ("'[W]here merchants are involved, we conclude that the Uniform Commercial
4   Code, and not tort law, should govern their commercial affairs, including any economic loss
5   caused by a defective product.'").

6   In an unpublished memorandum disposition, the Ninth Circuit recently upheld the
7   ultimate decision in *Astrium, S.A.S. v. TRW, Inc.*, 254 F.Supp.2d 1129 (C.D. Cal. 2003), which
8   held that a plaintiff's claims for negligence, fraud, and negligent misrepresentation were barred
9   by the economic loss rule. *See Astrium S.A.S. v. TRW, Inc.*, 2006 WL 2269697 (9th Cir. 2006).
10  However, expressly because the district court's opinion relied in part on *Robinson Helicopter*
11  *Co., Inc. v. Dana Corp.*, 129 Cal. Rptr. 2d 682 (Cal. Ct. App. 2003), which has since been
12  vacated by the California Supreme Court, *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34
13  Cal.4th 979 (2004), the Ninth Circuit vacated the portion of the district court's opinion that set
14  forth the reasons for its decision. *See id*. Passave now argues that Ninth Circuit's decision to
15  uphold the ultimate decision in *Astrium* is further support for its position that the economic loss
16  rule bars claims for negligent misrepresentation. However, as with the cases discussed above,
17  alternative legal claims were available to the plaintiffs in *Astrium*. *Astrium*, 254 F.Supp.2d at
18  1137 ("[A]ll of Astrium's damages were recoverable under contract or warranty theories.").

19  During oral argument, counsel for Passave argued that the theoretical underpinnings of
20  the economic loss doctrine nonetheless apply to the instant action. However, Passave has not
21  cited, nor is the Court aware of, any authority that has held that the economic loss rule may bar a
22  potentially meritorious tort claim when there is no alternative remedy against the named
23  defendant. "[D]efendants who assert that plaintiff has fraudulently joined a party carry a heavy
24  burden of persuasion." *Plute v. Roadway Package System, Inc.*, 141 F.Supp.2d 1005, 1008 (N.D.
25  Cal. 2001). Here, Passave has its heavy burden of showing "that there is no possibility that the
26  plaintiff will be able to establish a cause of action in State court against the alleged sham
27  defendant." *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998).

28

Without expressing an ultimate conclusion as to whether the economic loss rule bars UTStarcom's claims, this Court will remand the instant action to the Santa Clara Superior Court for the reason that it is not "obvious according to the settled rules of the state" that UTStarcom's claims against Passave, Inc. are barred by the economic loss rule. *McCabe*, 811 F.2d at 1339.

**2.  Motion for Fees and Costs**

Pursuant to 28 U.S.C. § 1447(c), UTStarcom moves for an award of the fees and costs associated with Passave's removal of the instant action to this Court. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 708 (2005). This Court, in the exercise of its discretion, concludes that Passave had an objectively reasonable basis for removing the instant action to this Court. Additionally, UTStarcom's arguments that Passave has engaged in other dilatory conduct does not persuade the Court that an award of fees and costs is merited. Accordingly, the Court will deny UTStarcom's motion for fees and costs.

**IV. ORDER**

Good cause therefore appearing, IT IS HEREBY ORDERED that UTStarcom's motion for remand is GRANTED and that UTStarcom's motion for fees and costs is DENIED.

DATED: August 18, 2006

_____
JEREMY FOGEL
United States District Judge

Case No. C 06-03623 JF (PVT)
ORDER (1) GRANTING PLAINTIFF'S MOTION FOR REMAND AND (2) DENYING PLAINTIFF'S MOTION FOR FEES AND COSTS
(JFLC1)

1  This Order has been served upon the following persons:

2  Kimberley A. Fonner            kfonner@wsgr.com, fgarcia@wsgr.com

3  Tung-On Kong                   tkong@wsgr.com,

4  Claude M. Stern                claudestern@quinnemanuel.com,
                                  sandranichols@quinnemanuel.com;
5                                 Dougcolt@quinnemanuel.com;
                                  Kristalstanley@quinnemanuel.com;
6                                 Rachelherrick@quinnemanuel.com;
                                  Michellechuor@quinnemanuel.com;
7                                 Margretcaruso@quinnemanuel.com

8  David S. Steuer                dsteuer@wsgr.com

9  Thomas Edward Wallerstein      tomwallerstein@quinnemanuel.com,
                                  cherylmorones@quinnemanuel.com

8

Case No. C 06-03623 JF (PVT)
ORDER (1) GRANTING PLAINTIFF'S MOTION FOR REMAND AND (2) DENYING PLAINTIFF'S MOTION FOR FEES AND COSTS
(JFLC1)